STACY, J., did not sit.
Civil action heard on exception to referee's report.
The defendant Gentry was sheriff of Cherokee County from December, 1914, to December, 1920, and executed official bonds with the defendant United States Fidelity and Guaranty Company as his surety.
Suit was brought by the plaintiffs and pleadings filed. The case was referred to S.W. Black, referee, before whom there was a repleader. The plaintiffs alleged that a settlement had been made with the defendant for 1919, and that the tax books for 1920 were turned over to him, and that he had failed to account for $13,472.38. The plaintiffs demanded judgment for this sum and $2,500 as a penalty for failure promptly to make settlement.
The defendant alleged that he had settled for 1919 under protest, without deducting his commissions; that he was entitled to $4,834.63 *Page 883 
as commissions, and that he was ready to settle the taxes for 1920 if allowed proper credits, including commissions. He alleged also that the board of commissioners had failed to appoint an auditing committee, and that he had never been able to settle; that there was due him $2,053. 18 on the current funds and $387.42 for special bridge fund for 1918. The plaintiffs filed a replication denying these allegations.
The referee filed his report 31 March, 1922, to which there were exceptions. His Honor adopted almost all the referee's findings of facts and all his conclusions of law, sustained certain exceptions and rendered judgment. Both the plaintiffs and the defendants excepted and appealed.
DEFENDANT'S APPEAL.
The defendant Gentry insists that he is entitled to a commission of 5 per cent on the first $50,000, and 2 1/2 per cent on any additional amount collected by him as taxes for the year 1920. In November, 1918, he was reelected sheriff for a term of two years and was inducted into office in December. He received the tax books for 1920 about 1 October. Public Laws of 1917, ch. 234, sec. 101, contains this proviso: "This act shall not apply to or affect the compensation allowed sheriffs of the counties who receive salaries for the collection of taxes." The Legislature of 1919 struck out this proviso and modified the compensation allowed sheriffs for such collection. At the extra session of 1920 an act was passed declaring that it was not the object of the amendment of 1919 to repeal any local or general law regulating the salary or fees of county officers except so far as such local (828) or general laws were in conflict with the provision that sheriffs should receive for their own use a commission of 5 per cent on all privilege and license taxes collected under Schedule B of the Revenue Act, and that it should be deemed and held that all such local or general acts regulating the salary or fees of county officers had continued in full force, except in the respect indicated. Public Laws, Extra Session 1920, ch. 1, sec. 10. This act, ratified 26 August, 1920, was in effect when the defendant Gentry received the tax book for that year, and as he was paid a salary in full compensation for his services as tax collector, and as his fees were subject to legislative control, he is not entitled to the commissions claimed. Public-Local Laws, 1913, ch. 63, sec. 6.
This conclusion is not affected by the provisions of the Public-Local Laws of 1921, ch. 523, sec. 1. The extension of time for the settlement *Page 884 
of county taxes to the first Monday in May was a matter of grace, and was obviously not included in the terms of the statute, which was prospective in its operation.
The second question relates to the penalty of 2 per cent per month. "The sheriff or tax collector shall pay the county taxes to the county treasurer or other lawful officer. He shall at no time retain over $3,000 for a longer time than ten days, under a penalty of 2 per centum per month to the county upon all sums so unlawfully retained, and shall, on oath, render a statement to the board of commissioners at their monthly meeting of the amount in his hands. On or before the first Monday of February in each year the sheriff shall account to the county treasurer or other lawful officer for all taxes due the county for the fiscal year, and on failing to do so he shall pay the county treasurer a penalty of 2 per centum per month on all sums unpaid, and this shall be continued until final settlement:Provided, the board of county commissioners may in their discretion relieve the sheriff or tax collector of said penalty of 2 per centum per month upon payment in full of the county taxes: Provided further, the county commissioners may extend the time of settlement of county taxes by the sheriff of the county to the first Monday in May." C.S. 8048. The time for settling the taxes for 1920 was extended by the board of commissioners to the first Monday in May, 1921. Moreover, the statute enacted for the benefit of Cherokee County provides that "all taxes must be collected and settled for by said sheriff and tax collector on or before the first day of May succeeding the year in which the same was listed." Public-Local Laws 1913, ch. 63, sec. 6. The judgment allows interest from the first Monday in May, 1921.
That the General Assembly is clothed with authority to impose penalties for the delay or failure of a tax collector to account is axiomatic.
The power to coerce prompt collection and settlement of taxes (829) is no less necessary than the power to levy and assess them, and both are essential to the maintenance of the government. Penal statutes, of course, must be strictly construed, but in the judgment of the court there is nothing that extends the construction of the statute beyond its plain meaning. The board of commissioners in the exercise of their discretion declined to relieve the defendant of the penalty, and we discover no reason for holding that he should be exempted from the payment of the interest incurred by his default.
The defendants demurred ore tenus, and moved to dismiss the action on the ground that the board of commissioners had not appointed a committee to audit the account between the sheriff and the treasurer. C.S. 8050. Under the circumstances disclosed by the record the motion cannot avail the defendant. Repeatedly beyond the ten-day limit he *Page 885 
retained money in excess of $3,000, and instead of accounting to the treasurer, applied for an extension of time for his settlement. Besides, section 8050 is not applicable. The board of commissioners appointed a special auditor by whom the defendant's account could have been audited at any time. Public-Local Laws 1913, ch. 63, sec. 10.
On the appeal of the defendants we find
No error.
APPEAL BY PLAINTIFFS.